UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE WALKER AS ADMINISTRATOR                              CIVIL ACTION
OF THE SUCCESSIONS OF ARNETT
CALHOUN SPELLS, SR. AND ARNETT
CALHOUN SPELLS, JR.

V.                                                         NO. 15-3823

THE CITY OF NEW ORLEANS                                    SECTION "F"

ORDER AND REASONS

Before the Court is defendant's motions to dismiss for lack of jurisdiction, or in the alternative, for a failure to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Court need not reach the alternative motion.

**Background**

The successors to two record property owners brought suit against the City of New Orleans.[1] The succession administrator, as the newly-substituted plaintiff, alleges that the City violated the presumptive heirs' constitutional rights under 42 U.S.C. § 1983 when the City levied liens on the property because of the blighted state of the immovable property. He charges that the City

---

[1] John Spells, Ray Spells, Darrell Walker, and Wayne Walker originally filed this lawsuit in their individual capacities as presumptive heirs of Spells and Spells, Jr., who are the now-deceased record owners of the property. The original plaintiffs filed a motion to substitute Wayne Walker as the plaintiff in this lawsuit because he serves as the succession administrator.

1

did not give the heirs proper notice and this was a violation of the heirs' constitutional property rights.

The record property owners of immovable property located at 1522-24 Baronne Street in New Orleans, Louisiana are Arnett Calhoun Spells and Arnett Spells, Jr.[2] Arnett Calhoun Spells died in Orleans Parish in 1998; Arnett Spells, Jr. died in 2008. Five years following the deaths of the last living record owner, the heirs to this property had still taken no action to change the name of the record property holder.

The City of New Orleans commenced administrative proceedings against the property under the blighted housing ordinance, Docket No. 13-07111-PNBL, alleging the property was in violation of Chapter 28 of the City Code of New Orleans.[3] An administrative judgment was rendered on August 14, 2014. The judgment assesses fines of $3,300, a hearing fee of $75, and a recordation fee of $80. Additionally, the judgment provides that additional fines of $500 per day for one year following the judgment date are possible.[4]

The succession administrator alleges that this judgment deprives the presumptive heirs their rights secured under the

---

[2] Both parties interchangeably spell Arnett as "Arnett" and "Arnette." The Court uses Arnett, from plaintiff's original complaint.
[3] Section 28-38 of the Code of the City of New Orleans is entitled "Blighted Property."
[4] If the City assessed this prospective fee for the entire one year period, that would add $182,500 to the lien against the property.

2

Constitution of the United States as well as under Louisiana state law. In compliance with the Code of New Orleans, the City complied with section 6-36, which covers the notice and service requirements for an administrative proceeding. Specifically, the City attempted to serve process on the record owners of the property by sending notices via certified mail; the notices were returned to the City. The succession administrator contends that the administrative proceeding is null because judgment was rendered against two deceased individuals. Further, the succession administrator alleges that the City never had personal jurisdiction over Spells and Spells, Jr. in the administrative hearing because service could never be effected upon them and that the City had knowledge of this when the notices were returned as "Not Deliverable" and "Unable to Forward."

The City of New Orleans responds that it followed the City's Code when serving notice to the named defendants in the administrative proceeding. The City Code provides that the City send notice through the mail to the record owner of the property listed in the Parish Assessor's Office. At the time of the administrative proceedings, Spells and Spells, Jr., though both deceased, were the record owners of the property in the assessor's office.

In its motion to dismiss, the City alleges there is no subject matter jurisdiction because the succession administrator does not

3

have standing and also that the administrator alleges no claim for which relief can be granted. On the jurisdictional ground, the City alleges, first, that the succession administrator steps into the deceased's position, and second, that a deceased person does not have a viable claim under 42 U.S.C. § 1983. Alternatively, the City moves to dismiss for failure to state a claim upon which relief can be granted.

                                I.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1). "As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. The district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Venable v. Louisiana Workers' Compensation Corp., 740 F.3d 937, 941 (5th Cir. 2014)(citations and internal quotations omitted).

Contrary to a 12(b)(6) motion, the Court may find a plausible set of facts to support subject matter jurisdiction by considering

any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Spotts v. United States, 613 F.3d 559, 565-66 (5th Cir. 2010)(citation omitted). "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." Alfonso v. United States, 752 F.3d 622, 625 (5th Cir. 2014)(quoting In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011)(internal citation and quotation marks omitted)).[5]

## II.

The City contends that the succession administrator, for the heirs, steps into the shoes of the deceased. It follows, the City alleges, that because an individual cannot have a section 1983 claim after death, then a succession administrator also cannot have a viable section 1983 claim.

---

[5] Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). See Williams v. Wynne, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion). "'[T]he central issue [in deciding a motion to dismiss] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010)(citation omitted).

The Fifth Circuit holds that "[s]tanding under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps of civil rights suits. Therefore. A party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. § . . . 1983 . . . ." Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004) (citations omitted). Louisiana Civil Code Article 2315.2, Wrongful Death Action, does not provide a wrongful death action for succession representatives.[6]

Here, the succession administrator is the named plaintiff in the lawsuit. The succession administrator, under Louisiana state law does not have standing to bring a wrongful death action. It follows, that because the administrator could not rightfully bring a wrongful death action, the administrator also does not have standing to bring a civil rights action under 42 U.S.C. § 1983. See Pluet, 355 F.3d at 383. Without standing, there is no viable claim before this Court. FED. R. CIV. P. 12(b)(1).

Accordingly, the City of New Orleans' motion to dismiss for lack of jurisdiction is hereby GRANTED and the Court is not compelled to consider its alternative motion to dismiss on the merits.

---

[6] La. Civ. Code Art. 2315.2, as relevant, allows only "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children" to bring a wrongful death action.

New Orleans, Louisiana, October 3, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE