UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE WALKER AS ADMINISTRATOR                    CIVIL ACTION
OF THE SUCCESSIONS OF ARNETT
CALHOUN SPELLS, SR. AND ARNETT
CALHOUN SPELLS, JR.

V.                                               NO. 15-3823

THE CITY OF NEW ORLEANS                          SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for a new trial.
For the following reasons, the motion is DENIED.

**Background**

The successors to two record property owners brought suit
against the City of New Orleans.  The succession administrator, as
the newly-substituted plaintiff, alleges that the City violated
the presumptive heirs' constitutional rights under 42 U.S.C. §
1983 when the City levied liens on the property because of the
blighted state of the immovable property. He charges that the City
did not give the heirs proper notice and this was a violation of
the heirs' constitutional property rights.

The City of New Orleans commenced administrative proceedings
against the property under the blighted housing ordinance, Docket
No. 13-07111-PNBL, alleging the property was in violation of
Chapter 28 of the City Code of New Orleans.[1] An administrative

---

[1] Section 28-38 of the Code of the City of New Orleans is entitled
"Blighted Property."

1

judgment was rendered on August 14, 2014. The judgment assesses fines of $3,300, a hearing fee of $75, and a recordation fee of $80. Additionally, the judgment provides that additional fines of $500 per day for one year following the judgment date are possible.[2]

The succession administrator alleges that this judgment deprives the presumptive heirs their rights secured under the Constitution of the United States as well as under Louisiana state law. In compliance with the Code of New Orleans, the City complied with section 6-36, which covers the notice and service requirements for an administrative proceeding. Specifically, the City attempted to serve process on the record owners of the property by sending notices via certified mail; the notices were returned to the City. The succession administrator contends that the administrative proceeding is null because judgment was rendered against two deceased individuals.

On October 3, 2016 this Court issued an Order and Reasons granting the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]

The plaintiff now files a motion for a new trial, moving the Court to vacate its judgment in favor of the defendant. The

---

[2] If the City assessed this prospective fee for the entire one year period, that would add $182,500 to the lien against the property.
[3] The Court hereby adopts and incorporates its statement of facts and reasoning from the Order and Reasons dated October 3, 2016 into this Order and Reasons.

plaintiff alleges that the Court erred in finding that the succession administrator lacked standing to bring a cause of action under 42 U.S.C. § 1983. The Court held that the heirs should have brought the suit in their individual capacities, instead of the succession administrator bringing this lawsuit. This conclusion leads the plaintiff to urge the Court to accept the argument that, had a judgment of possession been entered in favor of the heirs and had the heirs waited to bring suit in their individual capacities, then the Court's reasoning would be moot. While the Court did not find it necessary to consider the additional merits of the case after determining the plaintiff lacked standing to bring this § 1983 claim, it elaborates on its reasoning.[4]

I.

Motions requesting reconsideration of court orders generally fall under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012); Waste Mgmt. of La., Inc. v. River Birch, Inc., No. 11-2405, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010). Rule 59(e) provides that a motion to alter or amend a judgment

---

[4] The City of New Orleans filed no response or opposition to the plaintiff's motion for a new trial. However, the Court finds no merit to the plaintiff's current motion before the Court and therefore does not grant the plaintiff's motion as unopposed.

must be filed no later than twenty-eight days after the entry of judgment. Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173–74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

## II.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478–79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'")(citing Rosenzweig v. Azurix Corp., 332 F.3d

4

854, 864 (5th Cir. 2003)(quoting <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.[5]

### III.

The plaintiff fails to present a need for the Court to vacate its original decision. The plaintiff failed to adequately dispute a determinative provision in the Code of the City of New Orleans in both its initial response to the defendant's motion to dismiss and also in its current motion before the Court.

For the sake of argument, the Court accepts the plaintiff's position that under the Court's Order, if the heirs waited to sue

---

[5] In its motion for a new trial, the plaintiff failed to explicitly provide the legal standard for the Court to consider its motion. The plaintiff asserts that the motion is "pursuant to Rule 59 of the Federal Rules of Civil Procedure." The Court takes the liberty of assuming the plaintiff specifically intended to move for a new trial under Rule 59(e), which is a motion to alter or amend a judgment.

in their individual capacity, then the Court's reasoning would be moot. But, the Court's analysis does not end there. Assuming the heirs sued, instead of the succession administrator, the result would be the same.

The Court calls attention to section 6-36(c) of the Code of the City of New Orleans. This section stipulates the notice requirement that the City must follow before administrative hearings commence. It states:

> Prior to holding an administrative hearing pursuant to this article, the alleged violator shall be notified at least 15 days in advance of the date that such a hearing is scheduled. Notice shall be personally served or sent to the alleged violator by regular and certified or registered U.S. Mail at the address *listed in the assessor's office of the parish*. . . . *Any notification so sent and returned by the U.S. Post Office shall be considered as having fulfilled the notification requirement*. Proof of notification and attempts at service shall be entered in the record for each case prior to the hearing.

Code of the City of New Orleans, Section 6-36(c) (emphasis added).

The record indicates that the City sent notices to the address listed in the assessor's office. The address, however, was still that of the deceased property owners. As the Code notes, the fact that the notices were returned to the City does not affect whether the City properly served notice. The heirs did not take the necessary steps to update the parish records to include a valid

mailing address.[6] Therefore, even had the proper plaintiff brought this suit, the Court still finds grounds to dismiss the plaintiff's claim. One touchstone of standing is that the Court must be able to redress the plaintiff's complaint. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, the plaintiff fails to state a cause of action that the Court is able to remedy. The City properly followed the administrative procedures laid out in the City Code. The Court finds that the burden is not on the City to seek out other potential record property owners when notice of a proceeding is returned. Because the City followed its procedures, the Court cannot find that the due process rights of the heirs were violated. Without presenting the Court with grounds that it made a mistake of law or that there is now new evidence, the motion fails.

Accordingly, IT IS ORDERED that the plaintiff's motion for a new trial is hereby DENIED. Again, the plaintiff's claim is dismissed with prejudice.

New Orleans, Louisiana, November 14, 2016

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] The Court also notes that the hearing occurred in 2014, whereas the death of the last record property owner occurred in 2007. The Court finds there was ample time for an heir to take corrective action to update the ownership of the property in the assessor's office.