UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE WALKER AS ADMINISTRATOR OF THE SUCCESSIONS OF ARNETT CALHOUN SPELLS, SR. AND ARNETT CALHOUN SPELLS, JR. | CIVIL ACTION |
| v. | NO. 15-3823 |
| THE CITY OF NEW ORLEANS | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion for judgment on the pleadings, or in the alternative, motion for summary judgment to dismiss the plaintiff's complaint. Because the plaintiff no longer has standing, this action is hereby DISMISSED without prejudice, and the defendant's pending motion is DENIED as moot.

**Background**

This lawsuit arises out of action taken by the City of New Orleans against blighted property and the events that followed.

In 2013, the City of New Orleans issued numerous citations under the blighting housing ordinance against immovable property located at 1522-24 Baronne Street, and a Code Enforcement hearing was set for the following year. At that time, the record owners of the property were Arnette Calhoun Spells, Sr. and Arnette Spells, Jr., who had passed away years earlier. In an attempt to

1

notify the property owners of the hearing, the City mailed a notice of hearing by certified and regular mail to the record owners' address as indicated in the assessor's office, as well as another address ascertained through title research, and posted a notice on a utility pole in front of the property. However, the notices were returned to the City.

After an administrative judgment was rendered assessing fines against the property on August 24, 2014, John Spells, Ray Spells, Darrell Walker, and Wayne Walker (the "presumptive heirs") filed suit against the City on August 27, 2015, alleging that the judgment deprived them of their rights under 42 U.S.C. § 1983, as well as the Louisiana and United States constitutions. Then, on August 1, 2016, Wayne Walker, in his capacity as Administrator of the Successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr., was substituted as the proper plaintiff to stand in the place of the original plaintiffs in this matter.

On August 25, 2016, the City filed Rule 12(b)(1) and 12(b)(6) motions to dismiss on the grounds that the succession administrator lacked standing and failed to state a claim upon which relief could be granted. In its October 3, 2016 Orders and Reasons, this Court granted the City's motion to dismiss for lack of subject matter jurisdiction, holding that "because the administrator could not rightfully bring a wrongful death action, the administrator also does not have standing to bring a civil rights action under 42

U.S.C. § 1983." As a result, this Court did not consider the alternative Rule 12(b)(6) motion.

Later, the plaintiff filed a motion for a new trial, which this Court denied on November 14, 2016, after which he filed an appeal to the United States Court of Appeals for the Fifth Circuit. On December 7, 2017, the Fifth Circuit held a hearing, and on January 19, 2018, it vacated this Court's judgment and remanded the suit, reasoning that the plaintiff, as the succession administrator, "has standing to the extent he seeks to enforce a right of the succession." Walker v. New Orleans City, 709 Fed. Appx. 303, 304 (5th Cir. 2018). Thereafter, on August 7, 2018, the City filed a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment to dismiss the plaintiff's complaint, alleging that the plaintiff failed to state a plausible deprivation of due process claim because the City properly noticed the administrative hearing.

Meanwhile, the plaintiff moved to continue the defendant's pending motion. On August 24, 2018, this Court granted the motion to continue and reset the hearing date to September 19, 2018, on the papers. In support of his motion to continue, Wayne Walker explained that he no longer has the authority to act on behalf of the Successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr. Specifically, Walker related that, on August 8, 2018, he was removed as the administrator of Arnette Calhoun Spells, Sr.

3

and Arnette Calhoun Spells, Jr. by court order rendered in Civil District Court for the Parish of Orleans, State of Louisiana, Case No.16-5524 "C."

I.

In vacating this Court's judgment, the Fifth Circuit held that Walker "has standing to the extent he seeks to enforce a right of the succession." Walker v. New Orleans City, 709 Fed. Appx. 303, 304 (5th Cir. 2018). In so holding, the Fifth Circuit reasoned that, pursuant to the Louisiana Code of Civil Procedure, "'the succession representative is . . . the proper plaintiff to sue and enforce a right of the deceased *or of his succession*.'" Id. (quoting La. Code Civ. Proc. art. 685). Specifically, Louisiana Code of Civil Procedure article 685 provides:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration.

It is undisputed that the successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr. are currently under administration and Wayne Walker, as administrator of the successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr., is the only plaintiff prosecuting this action. In light of Walker's admission to this Court that he was removed as the administrator of the Successions of Arnette Calhoun Spells,

Sr. and Arnette Calhoun Spells, Jr. on August 8, 2018 and that he "no longer has the authority to act on behalf of the Successions," this Court finds that Walker no longer has standing to enforce the rights of the Spells' succession.

Accordingly, IT IS ORDERED: that this action is hereby DISMISSED without prejudice and that the defendant's motion for judgment on the pleadings, or in the alternative, motion for summary judgment is DENIED as moot.

New Orleans, Louisiana, September 17, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE